## LEWIS CHATFIELD v. WALTER M. WILSON.

### Diversion of water course.

A person entitled to have a stream of water flow in a particular place, or in a particular manner, may maintain an action against a person who wrongfully diverts or interferes with it, without proof that he has sustained *actual* damage therefrom. In such a case the law will imply damage.

ACTION ON THE CASE for a disturbance of a water course. The declaration contained three counts, the first two of which charged the defendant with lowering and changing the channel of, and diverting the water in a brook which divided the farms of the plaintiff and defendant; and the third complained of an interference,

by the defendant, with the natural flow of the water from a spring upon his land, by filtration, from which a reservoir or tub on the plaintiff's land was supplied with water. Plea, the general issue; trial by jury, September Term, 1853,—POLAND, J., presiding.

The testimony on the part of the plaintiff tended to prove the acts of the defendant complained of, and that, by reason of them, there ceased to be a supply of water in a tub or reservoir of water, on the plaintiff's own land from which there was an aqueduct to the plaintiff's buildings; and that this reservoir had previously been supplied by filtration from both the brook and the spring. The defendant's testimony tended to prove that it had been supplied not by the natural percolation of the water through the soil either from the brook or spring, but from the spring through a blind underground ditch, which the plaintiff had made on the defendant's land without permission; and that the only effect of the defendant's acts was to restore the flow of water to its natural condition. The plaintiff introduced no testimony tending to show any other damage sustained by him in consequence of the change of the channel of the brook except the decrease of the supply of water thereby, for the plaintiff's tub and aqueduct. All the acts of the defendant, which were complained of, were done on his own land, and the change in the channel of the brook was by digging it lower and two or three feet further north on the defendant's land for the distance of from twelve to fifteen feet. The court charged the jury that if the defendant diverted the water of the brook, as claimed by the plaintiff, the plaintiff could not recover therefor unless he sustained some damage thereby; and if he had sustained no loss or damage whatever, by reason of such change in the channel of the brook, the plaintiff could not recover on either of the first two counts in his declaration. To this part of the charge the plaintiff excepted. Exceptions were taken by the defendant to other parts of the charge but as they were not passed upon by the supreme court, a statement of them, and of the testimony upon which they were based, is omitted. The jury returned a verdict for the defendant upon the first two counts, and for the plaintiff on the third.

*F. V. Randall* and *O. H. Smith* for the plaintiff.

The charge of the court in reference to the plaintiff's right to

recover on the first and second counts was erroneous. The diversion of a water course, without actual injury to a riparian proprietor opposite or lower down the stream, legally imports damage. *Whipple* v. *Cum. Many. Co.*, 2 Story C. C. R. 661. 3 Sumner, 189. 3 Fairfield, 407. 9 N. H. 88. 17 Conn. 288. 3 Green 116. *Adams* v. *Barney*, 25 Vt. 225. Angel on Water courses, § 135.

*H. Carpenter* and *J. P. Kidder* for the defendant.

The plaintiff's claim in reference to the diversion of the brook falls within the principle of *damnum absque injuria. Weston* v. *Alden*, 8 Mass. 136. *Callender* v. *Marsh*, 1 Pick. 418. *Greenleaf* v. *Francis*, 18 Pick. 117. Angel on Water courses, § 427,

The opinion of the court was delivered by

BENNETT, J. We do not find it necessary to pass upon the exceptions of the defendant, as the plaintiff is clearly entitled to have the cause opened upon his exceptions.

The charge of the court, that if the jury found that the defendant diverted the water of the brook, as claimed by the plaintiff, the plaintiff could not recover unless he sustained some damage thereby, as we understand it, was, we think, erroneous. We understand the court to require proof of *actual* damage, but the law will *imply* damage from a wrongful diversion of a stream of water, though only nominal. This is fully shown by the authorities cited by counsel. The court should at least have directed a verdict for the plaintiff for *nominal* damages, if they found the diversion of the surface stream of water to be as claimed by him to have been made.

If there was no claim for *actual* damages there was nothing for the jury relative to damages; if there was, the case should have been submitted to them with proper instructions.

The judgment must be reversed and the cause remanded.